UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CON AM MANAGEMENT CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> ARMANDO RAMIREZ, et al., <br><br> Defendants. | Case No.: 1:14-cv-00885 --- - JLT <br><br> ORDER REMANDING THE MATTER TO KERN COUNTY SUPERIOR COURT FOR LACK OF JURISDICTION, AND TERMINATING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT |

Armando Ramirez seeks removal of an unlawful detainer action filed in Kern County Superior Court. (Doc. 1). This is the second time, in a matter of days, that Ramirez has removed this matter to this Court. *Con Am Management Corp. v. Armando Ramirez, et al.,* Case No. 1:14-cv-00843. The Court summarily remanded that matter on June 6, 2014 **because it lacks jurisdiction to proceed**. Now, Ramirez has removed the matter again and has added a couple of pages of irrelevant citation to authority. Seemingly, Ramirez does not grasp—despite the Court's explicit explanation in its order remanding the prior matter—that no matter what he claims, this Court's jurisdiction can be founded **only** upon what has been pleaded by the Plaintiff.[1]

Because the Court lacks subject matter jurisdiction over the complaint, the action is **REMANDED** to Kern County Superior Court.

---

[1] **Should Ramirez attempt once again to remove this matter to this Court, the Court will take steps to declare him a vexatious litigant and impose hefty monetary sanctions for his absolute waste of this Court's extremely limited resources.**

1

**1.      Factual and Procedural History**

On December 31, 2013, Plaintiff Con Am Management Corporation filed a complaint against Armando Ramirez and Socorro Reina Maduena for unlawful detainer in Kern County Superior Court, Case No. D-1503-CL-14015.[2]  The defendants failed to file an answer or otherwise respond to the complaint.  (*See* Doc. 1 at 2.)  Therefore, Plaintiff requested the entry of default on February 11, 2014. (*See* Doc. 1 at 7-8.) The Clerk of Court granted default judgment, and a writ of possession for the property was issued.  (*See* Doc. 1 at 5.)

On June 11, 2014, Armando Ramirez ("Defendant") filed a Notice of Removal and a motion to proceed in forma pauperis, thereby attempting to initiate the action in this Court.  (Docs. 1-2.)  As noted above, this court summarily remanded the prior matter to the Kern County Superior Court because it lacks jurisdiction over this matter. *Con Am Management Corp. v. Armando Ramirez, et al.,* Case No. 1:14-cv-00843, Doc. 5.

**II.      Removal Jurisdiction**

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987).  Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading.  *Id.* at § 1446(b).  Removal statutes are to be strictly construed,

---

[2] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  The accuracy of the Court's records cannot reasonably be questioned, and judicial notice may be taken of court records.  *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236m 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the docket in Case No. D-1503-CL-14015.

and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction"). Thus, the Sixth Circuit explained a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

**III.     Discussion and Analysis**

      **A.     The Court lacks jurisdiction over the complaint**

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists **only when a federal question is presented on the face of the plaintiff's properly pleaded complaint**." *Caterpillar*, 482 U.S. at 392, emphasis added. Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Here, Defendant has not provided a copy of the complaint filed by Con Am Management Corporation. However, the Kern County Superior Court case docket indicates the case was for "unlawful detainer," as does Defendant's Notice of Removal. (*See* Doc. 1 at 2.) Significantly, an unlawful detainer action **does not arise under federal law**, but arises instead under state law. *See*

*Fannie Mae v. Suarez*, 2011U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law").

On the other hand, Plaintiff asserts that discovery should be permitted to determine whether this Court has jurisdiction. (Doc. 1 at 3-4) However, it is clear here that the Court's jurisdiction is not invoked so the Court has no authority to permit discovery.

Even still, Plaintiff attempts to invoke this Court's removal jurisdiction under 28 USC § 1443. This section reads,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the **equal civil rights of citizens** of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

(Emphasis added) The mere fact that Ramirez asserts that he was not served with the summons and complaint in the state court action is insufficient to invoke this Court's jurisdiction. Plaintiff must dispute this within the state court system either through application to the trial court or to the Court of Appeal. Notably, Plaintiff has not shown—and cannot—that his rights cannot be vindicated in the state court.

On the other hand, "the equal rights of citizens," in the section recited above, refers to specific laws which assure racial equality; it does not refer to every right guaranteed under federal law. *Neal v. Wilson*, 920 F.Supp. 976, 984 (D.Ark.1996); *Friend v. Kreger*, 1998 WL 242685 at *1 (N.D. Cal. May 7, 1998). Thus, the complaint has not raised a claim that invokes federal subject matter jurisdiction.

**B.     Relief may not be granted under the *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision or judgment made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in

4

substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers federal rights.

*Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . ."). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

Here, though judgment was entered against Defendant by the state court Defendant claims that he was denied due process during the proceedings. However, the *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (internal citations and quotation marks omitted). Consequently, the Court lacks jurisdiction in this matter.

## IV.    Conclusion and Order

Because the Court does not have subject matter jurisdiction over the action for unlawful detainer, the matter must be remanded. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see also Kelton Arms Condo. Homeowners Ass'n*, 346 F.3d at 1192-93 ("district court *must* remand if it lacks jurisdiction"). Accordingly, **IT IS HEREBY ORDERED**:

1. The matter is **REMANDED** to the Superior Court of Kern County; and
2. Defendant's motion to proceed in forma pauperis is terminated as **MOOT**;
3. **Should Ramirez attempt once again to remove this matter to this Court, the Court will take steps to declare him a vexatious litigant and impose hefty monetary sanctions for his absolute waste of this Court's extremely limited resources**; and

///

///

4. The Clerk of Court **is DIRECTED** to close this matter, because this Order terminates the action in this Court.

IT IS SO ORDERED.

Dated: **June 12, 2014**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE